WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DUSTIN CLARK,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
ANDREW SAUL, Commissioner, Social　　　)
Security Administration,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　No. 3:18-cv-0224-HRH
　　　　　　　　　　　Defendant.　　　　　)
_____)

O R D E R

Motion for Attorney Fees

Counsel for plaintiff moves for the allowance of attorney fees pursuant to 42 U.S.C. § 406(b).[1]  Defendant has responded.[2]  Counsel for plaintiff has replied.[3]

While the foregoing motion was under consideration, counsel for plaintiff filed a notice that plaintiff opposed counsel's motion for attorney fees.[4]  As reflected by the court's minute order of January 7, 2021,[5] arrangements were made for ex parte proceedings as between plaintiff and counsel for purposes of airing plaintiff's concerns.  In the

---

[1]Docket No. 22.

[2]Docket No. 25.

[3]Docket No. 26.

[4]Docket No. 27.

[5]Docket No. 29.

Order – Motion for Attorney Fees　　　　　　　　　　　　　　　　　　　　　　　　- 1 -

parallel, ex parte proceedings, the court received submissions from Mr. Clark and from counsel. The ex parte submissions, as well as a separate sealed order addressing the ex parte filings are filed under seal concurrent with this order. Because of attorney-client confidentiality concerns, the ex parte proceedings shall remain sealed unless and until otherwise ordered by the court.

The court has reviewed and considered the ex parte submissions of both plaintiff and plaintiff's counsel before reaching and rendering its decision as set out below.

On October 24, 2018, counsel and plaintiff entered into an attorney-client, contingent fee contract, by which counsel agreed to represent plaintiff before this district court for purposes of obtaining review of a decision by the Social Security Administration denying plaintiff's application for disability benefits.[6] In the attorney fee contract, plaintiff agreed: "that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my beneficiaries and me in the event my case is won either in court or at agency proceedings following a court remand."[7] Counsel's undertaking is expressly limited to representation "in federal court review of my SOCIAL SECURITY DISABILITY case."[8] The attorney-client contract expressly "does not constitute an agreement ... that the attorney-client relation extends to representation at such an agency proceeding[]" following a remand and excludes a commitment "to take an appeal to federal Circuit Court of Appeals...."[9] In the attorney-client contract, plaintiff expressly acknowledges his understanding that, due to the contingent fee nature

---

[6]Docket No. 20-1.

[7]Id. at 1.

[8]Id.

[9]Id. (emphasis in original).

Order – Motion for Attorney Fees - 2 -

of the undertaking, the contingent fee "could amount to several thousand dollars per hour ... on an hourly basis."[10]

Based upon the administrative record and the briefing of counsel for the parties, the court reversed the Commissioner's final decision denying plaintiff disability benefits and remanded the case for further proceedings before the Social Security Administration.[11] After further proceedings before the Agency, defendant issued to plaintiff a "Notice of Award."[12] Defendant was determined to have been disabled as of March 2014 and entitled to benefits from August 2014, along with continuing insurance status. The notice of award further provided that "[w]e withheld $37,375.00 from your past due benefits in case we need to pay your representative."[13] The notice of award recognizes that plaintiff's attorney might, as he has done, seek attorney fees pursuant to 42 U.S.C. § 206(B) "for services before the Court."[14]

Based on the contingent, attorney-client contract between plaintiff and counsel, counsel argues that the fee of $37,375.00 is reasonable on the facts of this case. Defendant argues that $37,375.00 is unreasonable and amounts to a windfall. Inasmuch as counsel devoted 22.2 hours to the handling of this case, such a fee would be the equivalent of $1,683.00 per hour.

Defendant also takes issue with counsel's suggestion in a proposed order that the court should make an "award" of attorney fees. Defendant argues that the court's function

---

[10]Id.

[11]Docket Nos. 18 and 19.

[12]Docket No. 22-2.

[13]Id. at 4 of 7.

[14]Id. at 5 of 7.

Order – Motion for Attorney Fees - 3 -

under 42 U.S.C. § 406(b)(1)(A) is to "determine and allow" a reasonable fee. Counsel for plaintiff concedes the point, but counsel further argues that a $37,375.00 fee is not unreasonable. Counsel's discussion of attorney fees allowed in other cases is not helpful.

Based upon the foregoing and for the reasons set out below, the court determines, consistent with 42 U.S.C. § 406(b), that counsel for plaintiff should receive attorney fees in the amount of $37,375.00. Allowance of such a fee is reasonable and is not a windfall because:

(1) Plaintiff expressly agreed to pay as attorney fees 25% of past due benefits awarded to plaintiff.

(2) Had plaintiff's complaint for review of defendant's adverse decision been dismissed (or had plaintiff been denied any past due benefits after further Agency proceedings), counsel would get no fee for his district court work.

(3) Plaintiff assumed the risk – and the attorney-client contract expressly cautioned – that, if successful, counsel might become entitled to seek a fee of "several thousand dollars per hour" of time devoted to plaintiff's case. Counsel assumed the risk that he would not be paid for his work if there were no recovery. Given the limited nature of the court's review powers, this risk is considerable.

(4) Counsel's work in this court set up the possibility (if not the probability) of a very favorable Agency decision regarding past due benefits and continued insured status.

(5) Counsel for plaintiff has extensive experience in the development and presentation of cases such as that before this court.

(6) Plaintiff and counsel's <u>ex parte</u> presentations to the court reassure the court that a fee of $37,375.00 was agreed upon and is reasonable in this case.

It is hereby determined and ORDERED:

Plaintiff's counsel is allowed to receive attorney fees in the amount of $37,375.00 pursuant to 42 U.S.C. § 406(b).

The fees allowed as to past due benefits withheld by the defendant in anticipation of an order under 42 U.S.C. § 406(b) may be payable and mailed to plaintiff's attorney:

>Paul B. Eaglin
>Post Office Box 6033
>Syracuse NY 13217

Upon receipt of the foregoing fees, plaintiff's attorney shall reimburse plaintiff the EAJA fees heretofore awarded by the court in the amount of $4,515.80.

DATED at Anchorage, Alaska, this <u>8th</u> day of February, 2021.

>/s/ H. Russel Holland
>United States District Judge